UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JERIE FELLEY, | No. 2:17-cv-02204-MCE-DB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| AMERICA FUJIKURA LTD.; PHIL MUDGE, | |
| Defendants. | |

Plaintiff Nicole Jerie Felley ("Plaintiff") filed the present Complaint in the Superior Court of the State of California, County of Sacramento, seeking redress from Defendants America Fujikura Limited ("AFL"), Plaintiff's former employer, and Phil Mudge ("Mudge"), one of Plaintiff's immediate supervisors, (collectively, "Defendants"). The Complaint sets forth causes of action for sex and race discrimination, hostile work environment, failure to prevent harassment/retaliation, and intentional infliction of emotional distress, stemming from Mudge's alleged actions while acting as Plaintiff's supervisor while she was stationed at an AFL job site in South Carolina. AFL removed the action to this Court, citing diversity of citizenship, and shortly thereafter filed the present Motion to

///

///

1

Transfer Venue, which Motion is now before the Court. ECF No. 3. For the reasons set forth below, that Motion is GRANTED.[1]

**ANALYSIS**

It is undisputed that Plaintiff is a resident of California, AFL is incorporated under the laws of Delaware with its principle place of business in South Carolina, and Mudge is a citizen and resident of Canada, establishing complete diversity between the parties, and jurisdiction in this Court is proper. AFL argues, however, that because Plaintiff's claims stem from Mudge's conduct when the parties were working in South Carolina, litigating the case in the Columbia Division of the District of South Carolina would be more convenient for the parties and witnesses and would promote the interests of justice. Plaintiff, on the other hand, argues that the primary witnesses to the alleged harassment (herself and Mudge) are not residents of South Carolina, that she was and is a resident of Sacramento County, and that AFL nonetheless has an office in Sacramento as well. Plaintiff also argues that public policy favors California employees resolving disputes in California.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). On a motion to transfer venue, the moving party must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Hope v. Otis Elevator Co., 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (quoting Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834,

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs pursuant to E.D. Cal. Local Rule 230(g).

843 (9th Cir. 1986)). The Court has discretion in deciding whether such transfer is warranted based on an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622.

Once the court determines a case could have been brought before the proposed transferee court, it must consider a number of private and public factors relating to the interests of the parties and the judiciary. For example, the court may consider: (1) the plaintiff's choice of forum, (2) respective parties' contacts with the forum, (3) contacts relating to the plaintiff's cause of action in the forum, (4) the cost of litigation in either forum, (5) the ease of access to sources of proof, (6) the complexity of the governing law, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) other factors that, in the interest of justice, impact the convenience or fairness of a particular venue. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–499 (9th Cir. 2000).

It is undisputed that this action could have been brought in South Carolina, and the parties thus focus on the discretionary factors going to convenience and fairness. The Court finds the majority of these factors weigh in favor of transfer, or are neutral at best. First, while a plaintiff's choice of forum should ordinarily be given "substantial weight," N. Acceptance Trust 1065 v. Gray, 423 F.2d 653, 654 (9th Cir. 1970), "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). Without recounting all background facts—with which the parties are familiar—is undisputed that the alleged harassment took place while Plaintiff was stationed in South Carolina for work (and it appears she was stationed there for some time). As a result, Plaintiff's choice of forum in this instance is given minimal consideration.

Relatedly, then, all witnesses aside from Plaintiff and Mudge either reside in or, like Mudge, spend a significant amount of time in South Carolina. Indeed, AFL names a

number of specific witnesses who are expected to testify, all with ties to South Carolina. It appears the only connection this case has to California is Plaintiff, and even Plaintiff has significant ties to South Carolina via her work there, as explained above. And while Mudge is a citizen of Canada, he also has significant ties to South Carolina through work and, at least as far as the Court is aware, no ties at all to California. For that matter, it is not clear to this Court that it even has personal jurisdiction over Mudge, and Plaintiff has not responded to this point.

Finally, while Plaintiff argues that public policy favors California employees resolving disputes in California, she cites only to Labor Code § 925, which expresses such an interest only where the claim or controversy arises in California. See Cal. Labor Code § 925. This statute is therefore inapposite here, and the Court finds South Carolina has a greater interest in this litigation since that is where the claims arose.

As a result, and despite Plaintiff's residence in Sacramento, the Court finds transfer to the Columbia Division of the District of South Carolina would be more convenient for the parties and witnesses as a whole, and would promote the interests of justice.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Transfer Venue is GRANTED. The Clerk of the Court is directed to transfer this case to the Columbia Division of the District of South Carolina.

IT IS SO ORDERED.

**Dated: August 13, 2018**

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

4